UNITED STATES RADIATOR CORP. *v.* CANVASSER.

1. BILLS AND NOTES—NOTICE OF DISHONOR MAY BE WAIVED—STATUTES.
   Under 2 Comp. Laws 1929, § 9358, notice of dishonor of promissory note may be waived either expressly or impliedly.

2. SAME—NOTICE OF DISHONOR—WAIVER.
   In action on promissory note, correspondence of indorser together with other evidence, *held,* sufficient to sustain finding by trial court of waiver of presentment and notice of dishonor.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted June 7, 1932. (Docket No. 11, Calendar No. 36,375.) Decided September 16, 1932.

Assumpsit by United States Radiator Corporation, a New York corporation, against Morris Can-

vasser and another on a promissory note. Judgment for plaintiff. Defendant Morris Canvasser appeals. Affirmed.

*Lawhead & Kenney* (*Edmund A. Cummiskey,* of counsel), for plaintiff.

*Nathan D. Rosin,* for defendant Morris Canvasser.

POTTER, J.   Plaintiff brought suit in assumpsit upon a promissory note as follows:

"Detroit, Mich., Apr. 22, 1929
"$1500
"Three (3) months after date I promise to pay to the order of U. S. RADIATOR CO.
"Fifteen Hundred 00/100.................Dollars
Payable at Peoples Wayne County Bank
"Value received with 6 per cent. interest per annum
"No. ...... Due 7/22        ED. I. CANVASSER
                                "3288 Fullerton."

The following indorsement appears on the reverse side of said note:

"MORRIS CANVASSER
"Pay FIRST NATIONAL BANK IN DETROIT
        "613      Detroit, Mich.      613
        "(All prior indorsements guaranteed)
        "UNITED STATES RADIATOR CORPORATION
                "W. E. MOSHER, Treasurer"

The following notation appears on the face of said note:

"Protested for Non-Payment
"Detroit, Mich.
"July 22, 1929
"JACK MULVENE
"Notary Public, Wayne Co."

Defendant pleaded the general issue. There was judgment for plaintiff in the sum of $1,734.04 and costs. Defendant appeals.

This note was presented for payment at the Peoples Wayne County Bank, the designated place of payment, July 22, 1929, the due date of the instrument, and protested for nonpayment on that day, and a copy of the certificate of protest mailed to defendant Edward I. Canvasser at his postoffice address, but no notice of dishonor was given to the indorser as required by 2 Comp. Laws 1929, § 9338, and defendant and appellant Morris Canvasser was discharged from liability thereon unless he waived the same.

"Notice of dishonor may be waived, either before the time of giving notice had arrived, or after the omission to give due notice, and the waiver may be express or implied." 2 Comp. Laws 1929, § 9358.

August 5, 1929, defendant and appellant wrote plaintiff:

"We have the promise of Ed. I. Canvasser to the effect that he will be able to make a small payment on this past-due note sometime during the present month. However, if he does not make some arrangement to care for same we will have to take steps to meet the obligation as best we can."

August 15, 1929, defendant and appellant wrote to plaintiff:

"As stated in previous letters we will treat this note as best we can and take care of it, but not in the manner that you indicate."

In addition to this correspondence Mr. Charles L. Morton testified he called Morris Canvasser, the defendant and appellant, by telephone, recognized his voice, called his attention to the note, "He finally said he would pay us $100 a month if we would accept that."

"*Q.* Did you talk with him later?

"*A.* Yes, I talked with him around the first or second of September again and he reiterated the same thing.

"*Q.* That he would pay $100 a month on your note?

"*A.* Yes, sir."

Mr. Homer L. Smith on cross-examination testified:

"He said he had no money·now and couldn't pay it but would pay it when he had means to."

The correspondence of defendant and appellant, accompanied by this parol evidence was sufficient to sustain the finding of waiver of presentment and notice of dishonor.

Judgment is affirmed, with costs.

Clark, C. J., and McDonald, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.